**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| PHI HEALTH, LLC,<br>Plaintiff,<br>v.<br>ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, *et al.*, including COMPSYCH MANAGEMENT CORPORATION,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-01918-JRO-CSW<br>Judge Justin R. Olson<br>Magistrate Judge Crystal S. Wildeman |

**DEFENDANT COMPSYCH MANAGEMENT CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant ComPsych Management Corporation ("ComPsych"), sued herein in its capacity as sponsor of the ComPsych Management Corporation Welfare Benefit Plan (the "ComPsych Plan"), by and through its undersigned counsel, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice each claim asserted against it in the Complaint (ECF No. 1) filed by Plaintiff PHI Health, LLC ("PHI"). In support of this Motion, ComPsych states as follows.

1. PHI's Complaint asserts five counts against ComPsych: (Count 1) Confirmation of Independent Dispute Resolution ("IDR") Award Under the No Surprises Act ("NSA") (29 U.S.C. § 1185e(c)(5)-(6); 29 U.S.C. § 1185f(b)(5)-(6); 42 U.S.C. § 300gg-111(c)(5)-(6); 42 U.S.C. § 300gg-112(b)(5)-(6)); (Count 2) Confirmation of IDR Award the Federal Arbitration Act (9 U.S.C. §§ 1 *et seq.*); (Count 3) Confirmation of IDR Award Under the Indiana Arbitration Act (Ind. Code § 34-57-2-1 *et seq.*); (Count 4) Claim for Enforcement of the NSA Under ERISA and Payment of Plan Benefits (ERISA 29 U.S.C. § 1132(a)(1)(B)); and (Count 5) Breach of ERISA Fiduciary Duties (29 U.S.C. §§ 1104(a), 1105(a), 1109, 1132(a)(2), and 1132(a)(3)).

2. Count 1 fails to state a claim because the NSA creates no express or implied private right of action to enforce or confirm IDR awards, and because ComPsych was not a party to the IDR proceeding at issue.

3. Counts 2 and 3 fail to state a claim because PHI does not allege any written agreement to arbitrate with ComPsych, as both the Federal Arbitration Act and the Indiana Arbitration Act require.

4. Count 4 fails to state a claim because PHI is not a participant or beneficiary of the ComPsych Plan, and its claim to collect IDR awards owed to PHI itself falls outside ERISA's zone of interests.

5. Count 5 fails to state a claim because (i) PHI is not a participant, beneficiary, or fiduciary entitled to sue under ERISA §§ 502(a)(2) or 502(a)(3), (ii) equitable relief is unavailable where PHI seeks payment of the same awards, and (iii) PHI pleads no plausible plan losses or ComPsych-specific facts.

6. Because these defects are legal and cannot be cured by amendment, dismissal should be with prejudice.

7. As required by S.D. Ind. L.R. 7-1(b)(1), ComPsych files contemporaneously herewith its Brief in Support of this Motion, which sets forth the grounds for dismissal in detail and is incorporated by reference.

WHEREFORE, Defendant ComPsych Management Corporation respectfully requests that the Court grant this Motion, dismiss Counts 1 through 5 of Plaintiff's Complaint as to ComPsych with prejudice, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**COMPSYCH MANAGEMENT CORPORATION**

By: ____________________
Vincent T. Borst
*One of Its Attorneys*

Vincent T. Borst
Mitchell Chaban
Katie J. Welch
Latimer LeVay Fyock LLC
*Counsel for ComPsych Management Corporation*
55 W. Monroe Street, Suite 1100
Chicago, IL 60603
(312) 422-8000
vborst@llflegal.com
mchaban@llflegal.com
kwelch@llflegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record who have consented to accept this Notice as service of this document by electronic means.

/s/ Katherine M. Oldenburger
Katherine M. Oldenburger
Legal Assistant



4920-8754-4032, v. 5